FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-00122-TOR-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| DONALD JAMES KONSHUK, | **ECF No. 80** |
| Defendant. | |

On Wednesday, October 9, 2024, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 80). Defendant was represented by court-appointed attorney David Miller. Assistant United States Attorney Earl Hicks represented the United States. With Defendant's consent, Defendant appeared by video from Spokane, Washington.

The Court has considered the Petitions (ECF Nos. 42, 58, 67), the Violation Reports (ECF Nos. 42-1, 59, 67-1), Defendant's Motion to Reopen Detention Hearing (ECF No. 80), and the arguments of counsel.

On February 29, 2024, the Court held an initial appearance for supervised release Violation Nos. 1–2 (ECF No. 42), but the United States did not seek detention. ECF No. 53. At that time, Defendant's supervised release conditions were expressly reimposed under 18 U.S.C. § 3142(c), pursuant to this Court's

ORDER - 1

authority to grant pre-revocation hearing release under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1).[1]  Moreover, the Court set an additional magistrate condition of release requiring Defendant to submit to sweat-patch testing as directed by the United States Probation/Pretrial Services Office. *Id.*

On August 30, 2024, the Court held an initial appearance and detention hearing for supervised release Violation Nos. 3–6 (ECF Nos. 58, 67).  ECF Nos. 76, 77.  Applying 18 U.S.C. § 3148(b), the Court found: (1) probable cause to believe Defendant committed a federal, tribal, state, or local offense; (2) clear and convincing evidence that Defendant violated the terms of release under 18 U.S.C. § 3142; and (3) that Defendant was unlikely to abide by any condition or combination of conditions of release.  ECF No. 77.  As a result, the Court granted the United States' Motion for Detention (ECF No. 70).  *Id.*

Now, Defendant indicates that a bed date is available at Pioneer Center East ("PCE") in Spokane, Washington, and requests the Court grant release for inpatient treatment.  ECF No. 80.

The United States contended that if released, Defendant would present a risk

---

[1] *See, e.g., United States v. Suggs*, No. 3:18-CR-591-S, 2022 WL 3567350 (N.D. Tex. Aug. 17, 2022).

ORDER - 2

of danger to the safety of the community.  Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

However, as a preliminary matter, Defendant must make a prima facie case to reopen detention pursuant to 18 U.S.C. § 3142(f)(2).  A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Here, while Defendant has made a prima facie showing of some new evidence to support consideration of the Motion in the first instance, Defendant has ultimately failed to demonstrate the new information is material to the issue of detention.  *See id.*

Defendant's acknowledgement of addiction and the availability of inpatient treatment constitutes newly discovered information that may not have been known to Defendant at the time of the previous hearing; however, it does not constitute information that has a material bearing on Defendant's risk of danger to the community under 18 U.S.C. § 3142(f)(2). United States Probation/Pretrial Services indicated that Defendant successfully completed intensive outpatient treatment in August 2024 and has not had a positive drug test since March 2024.  Despite this,

ORDER - 3

Defendant is again alleged to have violated conditions of supervised release, including another allegation of committing a federal, tribal, state, or local offense. ECF No. 67. Therefore, Defendant's behavior does not seem to be the product of substance use, and the availability of treatment does not have a material bearing on Defendant's risk of danger of the community. *See* 18 U.S.C. § 3142(f)(2).

Accordingly, the Court finds that Defendant has not established any condition or combination of conditions of release that would mitigate the risk to the safety of other persons or the community that Defendant poses. Furthermore, the Court again finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention (**ECF No. 80**) is **DENIED**.

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id*.

3. Defendant is bound over to Judge Thomas O. Rice for further proceedings.

ORDER - 4

**IT IS SO ORDERED.**

DATED October 11, 2024.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5